**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

**FILED**

MAR 1 2 2010

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| **JANE DOE** | ) |
| | ) |
| | ) |
| **Plaintiff,** | )   Civil Action No. |
| | )   Jury Trial Demand |
| v. | ) |
| | Case: 1:10-cv-00417 |
| **CROWELL & MORING, LLP** | Assigned To : Huvelle, Ellen S. |
| 1001 Pennsylvania Avenue N.W. | Assign. Date : 3/12/2010 |
| Washington, D.C. 20004 | Description: Civil Rights-Non. Employ |
| | |
| **TRINA L. FAIRLEY** | )   **COMPLAINT FOR DAMAGES** |
| 1001 Pennsylvania Avenue N.W. | ) |
| Washington, D.C. 20004 | )   **1.  Invasion of Privacy** |
| | )   **2.  Intentional Infliction of** |
| **DANIEL M. CREEKMAN** | )       **Emotional Distress** |
| 1001 Pennsylvania Avenue N.W. | )   **3.  Conspiracy** |
| Washington, D.C. 20004 | )   **4.  Violation of DC Mental Health** |
| | )       **Information Act** |
| **NANCY J. CRAIG** | ) |
| 1001 Pennsylvania Avenue N.W. | ) |
| Washington, D.C. 20004 | ) |
| | ) |
| **MEDSTAR HEALTH INCORPORATION** | ) |
| 5565 Sterrett Place | ) |
| Columbia, Maryland 21044 | ) |
| | ) |
| **WASHINGTON HOSPITAL CENTER** | ) |
| 110 Irving Street, N.W. | ) |
| Washington, D.C. 20010 | ) |
| | ) |
| **CAROL JEDRZEJEK** | ) |
| 110 Irving Street, N.W. | ) |
| Washington, D.C. 20010 | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**JURY ACTION**

2.

## COMPLAINT

**COMES NOW** Plaintiff, Jane Doe proceeding *pro se* and under pseudonym and respectfully files this complaint for declaratory relief and monetary relief against Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

### PRELIMINARY STATEMENT

1.    This action arises out of the public court filing of the Plaintiff's Veterans Affairs mental health record  and the public court filing of the Plaintiff's protected health information committed by Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek which occurred on March 11, 2009 in the Superior Court for the District of Columbia.

2.    Accordingly, the Plaintiff brings this civil action complaint for invasion of privacy, intentional infliction of emotional distress, conspiracy, and violation of the DC Mental Health Information Act.

### JURISDICTION

3.    Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the Plaintiff and the Defendants Crowell & Moring LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek. Plaintiff is a citizen of the Commonwealth of Virginia. Defendants maintains a principal place of business in the District of Columbia or do business in the District of Columbia.

### VENUE

4.    Venue is proper in the District of Columbia because the illegal acts as described in this complaint were committed in the District of Columbia.

### PARTIES

5.    Plaintiff, Jane Doe (hereinafter "Plaintiff") is an African American female who resides in Fairfax, Virginia. Plaintiff is a United States citizen and was a citizen of the Commonwealth of Virginia at all relevant times of the unlawfully and discriminatory acts as described in this civil action complaint.

6.    Defendant Crowell & Moring, LLP  an international law firm headquartered in Washington, D.C. employs more than 450 attorneys practicing in Washington, D.C., California,

London, Brussel, New York, and Alaska. During the year of 2009, Crowell & Moring, LLP reported that Crowell & Moring, LLP's gross revenue was more than 296 million dollars for the year of 2008.

7.    Defendant Trina L. Fairley is an African-American female attorney who is currently classified as a partner in the Crowell & Moring, LLP's Washington, D.C. office. Trina L. Fairley has been licensed to practice law in the District of Columbia since 1999.

8.    Defendant Daniel M. Creekman is a Caucasian American male attorney who is currently classified as an associate in the Crowell & Moring, LLP's Washington, D.C. office. Daniel M. Creekman has been licensed to practice law in the District of Columbia since 2004.

9.    Defendant Nancy J. Craig is a Caucasian American female attorney who is currently classified as an associate in the Crowell & Moring, LLP's Washington, D.C. office. Nancy J. Craig has been licensed to practice law in the District of Columbia since 2008.

10.    Defendant MedStar Health Incorporation is a 3.8 billion dollars non-profit health care management company headquartered in Columbia, Maryland. MedStar Health Incorporation employs more than 26,000 employees and contributes approximately 111 million dollars in payroll tax to the District of Columbia, Maryland, and Virginia. MedStar Health Incorporation serves as the parent company to Washington Hospital Center. MedStar Health Incorporation employed the Plaintiff as a Registered Nurse from October 20, 2003 to July 19, 2007. MedStar Health Incorporation served as a Defendant in two cases that Plaintiff filed in Superior Court for the District of Columbia.

11.    Defendant Washington Hospital Center, a subsidiary of MedStar Health Incorporation, is a 926 bed private hospital in the District of Columbia. Washington Hospital Center has an operating budget of $1 billion dollars and employs more than 6,000 employees in its employ. Washington Hospital Center employed the Plaintiff as a Registered Nurse from October 20, 2003 to July 19, 2007. Washington Hospital Center served as a Defendant in two cases that Plaintiff filed in Superior Court for the District of Columbia.

12.    Carol Jedrzjek is a Caucasian American Registered Nurse who served as a Defendant in two cases that Plaintiff filed in Superior Court for the District of Columbia.

### FACTS

13.    Plaintiff worked as a Registered Nurse for MedStar Health Incorporation and Washington Hospital Center from 2003-2007.

14.    During the Plaintiff's employment tenure at Washington Hospital Center Plaintiff witnessed the mistreatment of African-Americans assigned to the Women's and Infants Services

3

Department.

15.     After witnessing the mistreatment of African-Americans, Plaintiff preexisting disability greatly exacerbated.

16.     Plaintiff, thus requested reasonable accommodation of the Americans with Disabilities Act of 1990.

17.     In requesting reasonable accommodation, Plaintiff submitted a copy of her VA mental health record which is a letter from a treating psychiatrist , to the MedStar Health/Washington Hospital Center Occupational Health Department, Karen Myers, and Pauline Azore.

18.     MedStar Health/Washington Hospital Center Occupational Health Department, Karen Myers, and Pauline Azore all assured the Plaintiff that the letter would remain confidential indefinitely.

19.     Needless to say, the mistreatment of African-Americans escalated and deeply worsened in the Women's and Infants Services Department.

20.     During the month of November of 2006, the Plaintiff protested and spoke out against the mistreatment of the African-Americans in a staff meeting.

21.     Particularly, Plaintiff protested the unfair and mistreatment of Pauline Azore when MedStar Health Incorporation Washington Hospital Center forced Pauline Azore to abruptly resigned from her position after twenty nine years of service.

22.     After Plaintiff protested the unfair and unequal mistreatment of Pauline Azore, Plaintiff was subjected to race discrimination, harassment, retaliation, and wrongful termination.

23.     On February 15, 2008, Plaintiff filed an employment discrimination lawsuit solely under the District of Columbia Human Rights Act against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek in the Superior Court for the District of Columbia.

24.     After properly serving all Defendants, Crowell & Moring, LLP entered as the representative law firm for all Defendants and filed an answer along with affirmative defenses to the Plaintiff's civil action complaint.

25.     Discovery commenced for the case against Washington Hospital Center, MedStar Health and Carol Jedrzjek.

26.     Plaintiff thus filed a second lawsuit Washington, MedStar Health Incorporation, James F. Caldas, and Carol Jedrzjek for post employment retaliation in Superior Court for the District of Columbia.

27.    After properly serving all Defendants, Crowell & Moring, LLP entered as the representative law firm for all Defendants and filed an answer along with affirmative defenses to the Plaintiff's second  civil action complaint.

28.    Discovery commenced for the case against MedStar Health Incorporation, Washington Hospital Center, James Caldas,  and Carol Jedrzjek.

29.    On March 11, 2009, Attorney Trina L. Fairley, Crowell & Moring, Attorney Daniel M. Creekman, Attorney Nancy J. Craig,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek recklessly filed the Plaintiff's Veteran Affairs mental health medical record as a public court filing for the case against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

30.    On March 11, 2009, Attorney Trina L. Fairley, Crowell & Moring, Attorney Daniel M. Creekman, Attorney Nancy J. Craig,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek recklessly filed the Plaintiff's Veteran Affairs mental health medical record as a public court filing for the Plaintiff's second case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

31.    Accordingly, on March 11, 2009,  Crowell & Moring LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, Attorney Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek filed the Plaintiff's Veteran Affairs mental health medical record as a public court document in the Superior Court for the District of Columbia for the Plaintiff's first case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

32.    Accordingly, on March 11, 2009,  Crowell & Moring LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, Attorney Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek filed the Plaintiff's Veteran Affairs mental health medical record as a public court document in the Superior Court for the District of Columbia for the Plaintiff's second case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and  Carol Jedrzjek.

33.    As illustrated, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman,  Attorney Nancy J. Craig,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek seriously breached the confidentiality of the Plaintiff's Veterans' Affairs' mental health record  and the Plaintiff's Occupational health medical record.

34.    Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, Attorney Nancy J. Craig,  MedStar Health Incorporation, Washington Hospital Center, and Carol

Jedrzjek seriously breached the Plaintiff's confidentiality by filing the Plaintiff's Veterans Affairs mental health medical record  as a public court document and by filing the Plaintiff's occupational health medical  record as a public court document.

35.    Crowell & Moring LLP, willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

36.    Attorney Trina L. Fairley willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

37.    Attorney Daniel M. Creekman willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

38.    Attorney Nancy J. Craig willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

39.    MedStar Health Incorporation willfully,  viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

40.    Washington Hospital Center willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

41.    Carol Jedrzjek willfully, viciously, and intentionally failed to safeguard the Plaintiff's personal and private medical information.

42.    Crowell & Moring LLP violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental health medical record as a public court document.

43.    Attorney Trina L. Fairley violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental  health medical record as a public court document.

44.    Attorney Daniel M. Creekman violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental health medical record as a public court document.

45.    Attorney Nancy J. Craig violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental  health medical record as a public court document.

46.    MedStar Health Incorporation violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental health medical record as a public court document.

47.    Washington Hospital Center violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental health medical record as a public court document.

48.    Carol Jedrzjek violated the Plaintiff's medical privacy rights by filing the Plaintiff's mental health medical record as a public court document.

49.    Crowell & Moring, LLP knowingly filed the Plaintiff's mental health medical record as public court document  for commercial advantage, personal gain, and malicious harm to the

6

Plaintiff.

50.    Attorney Trina L. Fairley knowingly filed the Plaintiff's mental health  medical record as public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

51.    Attorney Daniel M. Creekman knowingly filed the Plaintiff's mental health medical record as public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

52.    Attorney Nancy J. Craig knowingly filed the Plaintiff's mental health medical record as public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

53.    MedStar Health Incorporation knowingly filed the Plaintiff's mental health medical record as public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

54.    Washington Hospital Center knowingly filed the Plaintiff's mental health  medical record as public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

55.    Carol Jedrzejek knowingly filed the Plaintiff's mental health medical record as a public court document  for commercial advantage, personal gain, and malicious harm to the Plaintiff.

56.    Crowell & Moring, LLP did not receive any type of oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health  medical record as an  official public court document.

57.    Attorney Trina L. Fairley did not receive any type of  oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health medical record as an  official public court document.

58.    Attorney Daniel M. Creekman did not receive any type of oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health  medical record as an  official public court document.

59.    Attorney Nancy J. Craig did not receive any type of oral authorization or written authorization from the Plaintiff to file  the Plaintiff's Veterans Affairs mental health medical record as an official public court document.

60.    MedStar Health Incorporation did not receive any type of  oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health  medical record as an official public court document.

61.    Washington Hospital Center did not receive any type of oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health medical record as an official public court document.

62.    Carol Jedrzjek did not receive any type of oral authorization or written authorization from the Plaintiff to file the Plaintiff's Veterans Affairs mental health medical record as an official public court document.

63.    The Plaintiff's Veterans Affairs mental health medical record is protected from disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the District of Columbia Mental Health Information Act of 1978.

64.    Crowell & Moring, LLP did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans' Affairs mental health medical record as a public court document.

65.    Attorney Trina L. Fairley did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

66.    Attorney Daniel M. Creekman did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

67.    Attorney Nancy J. Craig did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

68.    MedStar Health Incorporation did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

69.    Washington Hospital Center did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

70. Carol Jedrzjek did not receive authorization from the United States Federal Government to disclose the Plaintiff's Veterans Affairs mental health medical record as a public court document.

71.    Crowell & Moring, LLP engaged the nonconsensual public court filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health
System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance
Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the
District of Columbia Mental Health Information Act of 1978.

72.    Attorney Trina L. Fairley engaged the nonconsensual public court filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health
System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance
Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the
District of Columbia Mental Health Information Act of 1978.

73.    Attorney Daniel M. Creekman engaged the nonconsensual public court filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health
System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance
Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the
District of Columbia Mental Health Information Act of 1978.

74.    Attorney Nancy J. Craig engaged the nonconsensual public court  filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health
System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance
Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the
District of Columbia Mental Health Information Act of 1978.

75.    MedStar Health Incorporation engaged the nonconsensual public court filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health
System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance
Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the
District of Columbia Mental Health Information Act of 1978.

76.    Washington Hospital Center engaged the nonconsensual public court filing of the
Plaintiff's Veterans Affairs mental health medical record which is clearly protected from
disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health

System Act, 42 U.S.C. § 9501(1)(H), and protected from disclosure under the District of Columbia Mental Health Information Act of 1978.

77.     Carol Jedrzjek engaged the nonconsensual public court filing of the Plaintiff's Veterans Affairs mental health medical record which is clearly protected from disclosure under the Privacy Act of 1974, protected from disclosure under the Mental Health System Act, 42 U.S.C. § 9501(1)(H), protected from disclosure under the Health Insurance Portability and Accountability Act of 1996(HIPAA"), and protected from disclosure under the District of Columbia Mental Health Information Act of 1978.

78.     Crowell & Moring, LLP's pubic court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

79.     Attorney Trina L. Fairley's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

80.     Attorney Daniel M. Creekman's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

81.     Attorney Nancy J. Craig's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

82.     MedStar Health Incorporation's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

83.     Washington Hospital Center's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

84.     Carol Jedrzejek's public court filing of the Plaintiff's mental health medical record constitutes a clear and unwarranted invasion of the Plaintiff's personal privacy.

85.     Defendants Crowell & Moring LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek do not have a non-illegal reason for the public court filing the Plaintiff's mental health record as a public court document.

86.     The actions of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek were intentional, malicious, willful, wanton, callous and showed a reckless disregard to the Plaintiff's civil rights and to the Plaintiff's privacy rights.

### CLAIMS FOR RELIEF
### COUNT 1: INVASION OF PRIVACY FOR PLAINTIFF'S FIRST CASE
### (AGAINST CROWELL & MORING, LLP)

**COUNT 2: INVASION OF PRIVACY FOR THE PLAINTIFF FIRST CASE
(AGAINST TRINA L. FAILEY)**

**COUNT 3: INVASION OF PRIVACY FOR THE PLAINTIFF'S FIRST CASE
(AGAINST DANIEL M. CREEKMAN)**

**COUNT 4: INVASION OF PRIVACY FOR THE PLAINTIFF'S FIRST CASE
(AGAINST NANCY J. CRAIG )**

**COUNT 5: INVASION OF PRIVACY  THE PLAINTIFF'S FIRST CASE
(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 6: INVASION OF PRIVACY  FOR THE PLAINTIFF'S FIRST CASE
(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 7: INVASION OF PRIVACY FOR THE PLAINTIFF'S FIRST CASE
(AGAINST CAROL JEDRZJEK)**

**COUNT 8: INVASION OF PRIVACY FOR PLAINTIFF'S SECOND CASE
(AGAINST CROWELL & MORING, LLP)**

**COUNT 9: INVASION OF PRIVACY FOR THE PLAINTIFF SECOND CASE
(AGAINST TRINA L. FAILEY)**

**COUNT 10: INVASION OF PRIVACY FOR THE PLAINTIFF'S SECOND CASE
(AGAINST DANIEL M. CREEKMAN)**

**COUNT 11: INVASION OF PRIVACY FOR THE PLAINTIFF'S SECOND CASE
(AGAINST NANCY J. CRAIG )**

**COUNT 12: INVASION OF PRIVACY  THE PLAINTIFF'S SECOND CASE
(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 13: INVASION OF PRIVACY  FOR THE PLAINTIFF'S SECOND CASE
(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 14: INVASION OF PRIVACY FOR THE PLAINTIFF'S SECOND CASE
(AGAINST CAROL JEDRZJEK)**

87.     Plaintiff repeats and realleges paragraphs 1 through 86  as set forth herein.

88.     The acts of Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M.
Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and
Carol Jedrzjek as described above constitute a gross invasion of the Plaintiff's personal privacy
and a gross invasion of  the Plaintiff's medical privacy.

89.     Particularly, Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J.
Craig, MedStar Health Incorporation, Washington Hospital Center,  and Carol Jedrzjek  invaded
the Plaintiff's privacy by filing the Plaintiff's Veterans Affairs mental health medical record as a
public court document and by filing the Plaintiff's MedStar Health/Washington Hospital Center
occupational health medical record as a public court document in the Superior Court for the

District of Columbia with regards to the Plaintiff's case filed against Medstar Health Incorporation, Washington Hospital Center, and Carol Jedzjek.

90.     Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek invaded the Plaintiff's privacy by filing the Plaintiff's Veterans Affairs mental health medical record as a public court document and by filing the Plaintiff's MedStar Health/Washington Hospital Center occupational health medical record as a public court document in the Superior Court for the District of Columbia with regards to the Plaintiff's case filed against Medstar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedzjek.

91.     Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital, and Carol Jedrzejek disseminated and published personal medical facts and private medical facts about the Plaintiff for the entire world to access.

92.     Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrjzek publicly disposed the Plaintiff's mental health record which included the Plaintiff's full name, included the name of the Plaintiff's psychiatrist, included the Plaintiff's psychiatric diagnosis, included the signs and symptoms of the Plaintiff's psychiatric diagnosis, included the name of Plaintiff's treatment facility, included the address of the Plaintiff's treatment facility, and included the phone number of the Plaintiff's treatment facility.

93.     The unconscionable acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrjzek were and are highly offensive to the Plaintiff.

94.     The unauthorized disclosure of an individual mental health medical record would be highly offensive to any reasonable person on this universe.

95.     No reasonable person would want have their psychiatric diagnosis, the manifestations of their psychiatric diagnosis, the name of their treating psychiatrist, the phone number of their treating psychiatrist, and the name of their treatment facility exposed to a worldwide audience and placed in public court database system.

96.     As a result of the unconscionable public court filing of the Plaintiff's mental health medical record committed by Crowell & Moring, LLP's, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation,

irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

97.     The acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek were willful, wanton, malicious, oppressive, and justify the award of exemplary and punitive damages accessed jointly and severally against Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek.

**COUNT 15: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST CROWELL & MORING, LLP)**

**COUNT 16: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST TRINA L. FAIRLEY)**

**COUNT 17: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST DANIEL M. CREEKMAN)**

**COUNT 18: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST NANCY J. CRAIG)**

**COUNT 19: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 20: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 21: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST CAROL JEDRZJEK)**

**COUNT 22: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S SECOND CASE
(AGAINST CROWELL & MORING, LLP)**

**COUNT 23: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
FOR THE PLAINTIFF'S SECOND CASE
(AGAINST TRINA L. FAIRLEY)**

**COUNT 24: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST DANIEL M. CREEKMAN)**

**COUNT 25: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST NANCY J. CRAIG)**

**COUNT 26: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 27: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 28: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST CAROL JEDRZJEK)**

98.     Plaintiff repeats and realleges paragraphs 1 through 97 as set forth herein.

99.     On March 11, 2009, Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek acted recklessly when Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek filed the Plaintiff's mental health medical record as public court document in the Superior Court for the District of Columbia for the Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

100.    On March 11, 2009, Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek acted recklessly when Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek filed the Plaintiff's mental health medical record as public court document in the Superior Court for the District of Columbia for the Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

101.    Prior to filing the Plaintiff's mental health medical record, Crowell & Moring, LLP Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek all had knowledge of the Plaintiff's increased susceptibility to emotional distress based on the Plaintiff's mental health record that was filed as a public document by Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

102.   Prior to filing the Plaintiff's mental health medical record, Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek all had knowledge of the Plaintiff's increased susceptibility to emotional distress based on the Plaintiff's reasonable accommodation request under the Americans with Disabilities Act that was granted by MedStar Health Incorporation, Washington Hospital Center, Karin D. Myers, and Pauline Azore.

103.   Crowell & Moring, LLP's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Crowell & Moring, LLP's unconscionable conduct.

104.   Attorney Trina L. Fairley's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Attorney Trina L. Fairley's unconscionable conduct.

105.   Attorney Daniel M. Creekman's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Attorney Daniel M. Creekman's unconscionable conduct.

106.   Attorney Nancy J. Craig's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Attorney Nancy J. Craig's unconscionable conduct.

107.   MedStar Health Incorporation's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of MedStar Health Incorporation's unconscionable conduct.

108.   Washington Hospital Center's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Washington Hospital Center's unconscionable conduct.

109.   Carol Jedrzjek's unconscionable conduct was intentional, malicious, and taken with the knowledge that the Plaintiff's emotional state and physical state would deteriorate as a result of Carol Jedrzjek's unconscionable conduct.

110.   Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek continued such unconscionable conduct by filing the Plaintiff's mental health medical record as public court document on a second occasion in the Superior Court for the District of Columbia.

111.   Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek showed a total

reckless disregard of the consequences to the Plaintiff.

112. As a result of the actions of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation, irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

113. The unconscionable acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek were willful, wanton, malicious, oppressive, and justify the award of exemplary and punitive damages accessed jointly and severally against Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek.

**COUNT 29: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST CROWELL & MORING, LLP)**

**COUNT 30: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST TRINA L. FAIRLEY)**

**COUNT 31: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST DANIEL M. CREEKMAN)**

**COUNT 32: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST NANCY J. CRAIG)**

**COUNT 33: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTFF'S FIRST CASE**
**(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 34: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 35: CONSPIRACY IN VIOLATION OF 42 USC § 1985**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST CAROL JEDRZJEK)**

114. Plaintiff repeats and realleges paragraphs 1 through 114 as set forth herein.

115. Crowell & Moring, LLP conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

116. Trina L. Fairley conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

117. Daniel M. Creekman conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

118. Nancy J. Craig conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

119. MedStar Health Incorporation conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document,

and filing the Plaintiff's personnel record as a public court document in the Superior Court for the Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

120.   Washington Hospital Center conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

121.   Carol Jedrzjek conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

122.   Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek had an objective to be accomplished; had an agreement on the course of action of the objective; performed two or more unlawful overt acts against the Plaintiff, and caused the Plaintiff significant damages as a result of the two or more unlawful overt acts.

123.   In furtherance of the objective of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; Defendants did two or more overt acts against the Plaintiff.

124.   As a result of the conspiratorial acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek;  the Plaintiff was deprived of the equal protection of the laws and equal privileges under the laws as established by the Civil Rights act of 1866, the Privacy Act of 1974, the Mental Health System Act, 42 U.S.C. § 9501(1)(H),  the Health Insurance Portability and Accountability Act of 1996("HIPAA"), the District of Columbia Mental Health Information Act of 1978,  and the District of Columbia's common law privacy tort.

125.   Defendants intentionally interfered with the Plaintiff's exercise and enjoyment of rights

established by the U.S. Constitution, federal laws, and the District of Columbia's statutes.

126. As a result of the malicious and unlawful conduct instituted by Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation, irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

**COUNT 36: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST CROWELL & MORING, LLP)**

**COUNT 37: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST TRINA L. FAIRLEY)**

**COUNT 38: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST DANIEL M. CREEKMAN)**

**COUNT 39: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST NANCY J. CRAIG)**

**COUNT 40: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTFF'S FIRST CASE
(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 41: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 42: CONSPIRACY IN VIOLATION OF 42 USC § 1985
FOR THE PLAINTIFF'S FIRST CASE
(AGAINST CAROL JEDRZJEK)**

127. Plaintiff repeats and realleges paragraphs 1 through 126 as set forth herein.

128. Crowell & Moring, LLP conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District

of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

129.   Trina L. Fairley conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

130.   Daniel M. Creekman conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

131.   Nancy J. Craig conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

132.   MedStar Health Incorporation conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

133.   Washington Hospital Center conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document,

filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

134.   Carol Jedrzjek conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

135.   Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek had an objective to be accomplished; had an agreement on the course of action of the objective; performed two or more unlawful overt acts against the Plaintiff, and caused the Plaintiff significant damages as a result of the two or more unlawful overt acts.

136.   In furtherance of the objective of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; Defendants did two or more overt acts against the Plaintiff.

137.   As a result of the conspiratorial acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff was deprived of the equal protection of the laws and equal privileges under the laws as established by the Civil Rights act of 1866, the Privacy Act of 1974, the Mental Health System Act, 42 U.S.C. § 9501(1)(H), the Health Insurance Portability and Accountability Act of 1996("HIPAA"), the District of Columbia Mental Health Information Act of 1978, and the District of Columbia's common law privacy tort.

138.   Defendants intentionally interfered with the Plaintiff's exercise and enjoyment of rights established by the U.S. Constitution, federal laws, and the District of Columbia's statutes.

139.   As a result of the malicious and unlawful conduct instituted by Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation, irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest

pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

**COUNT 43: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST CROWELL & MORING, LLP)**

**COUNT 44: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST TRINA L. FAIRLEY)**

**COUNT 45: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST DANIEL M. CREEKMAN)**

**COUNT 46: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST NANCY J. CRAIG)**

**COUNT 47: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINFIFF FIRST CASE**
**(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 48: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 49: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S FIRST CASE**
**(AGAINST CAROL JEDRZJEK)**

140. Plaintiff repeats and realleges paragraphs 1 through 139 as set forth herein.

141. Crowell & Moring, LLP conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

142. As the representative law firm, Crowell & Moring, LLP had actual knowledge of the conspiracies instituted by Crowell & Moring, LLP, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Crowell & Moring, LLP had the power and the opportunity to prevent the conspiracies from occurring. However, Crowell & Moring, LLP knowingly failed to

prevent the conspiracies instituted against the Plaintiff.

143.   Trina L. Fairley  conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing  the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia  for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

144.   As the representative undersigned counsel,  Attorney Trina L. Fairley  had actual knowledge of the conspiracies instituted by Trina L. Fairley, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Attorney Trina L. Fairley had the power and the opportunity to prevent the conspiracies from occurring. However,  Attorney Trina L. Fairley knowingly failed to prevent the conspiracies instituted against the Plaintiff.

145.   Daniel M. Creekman conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

146.   As the representative undersigned counsel, Attorney Daniel M. Creekman  had actual knowledge of the conspiracies instituted by Attorney Daniel M. Creekman,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Attorney Daniel M. Creekman had the power and the opportunity to prevent the conspiracies from occurring.  However, Attorney Daniel M. Creekman knowingly failed to prevent the conspiracies instituted against the Plaintiff.

147.   Nancy J. Craig conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing  the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital

Center, and Carol Jedrzjek.

148. As the representative undersigned counsel, Attorney Nancy J. Craig had actual knowledge of the conspiracies instituted by Attorney Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Attorney Nancy J. Craig had the power and the opportunity to prevent the conspiracies from occurring. However, Attorney Nancy J. Craig knowingly failed to prevent the conspiracies instituted against the Plaintiff.

149. MedStar Health Incorporation conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

150. As the Defendant, MedStar Health Incorporation had actual knowledge of the conspiracies instituted by MedStar Health Incorporation, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. MedStar Health Incorporation had the power and the opportunity to prevent the conspiracies from occurring. However, MedStar Health Incorporation knowingly failed to prevent the conspiracies instituted against the Plaintiff.

151. Washington Hospital Center conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

152. As the Defendant, Washington Hospital Center had actual knowledge of the conspiracies instituted by Washington Hospital Center, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Washington Hospital Center had the power and the opportunity to prevent the conspiracies from occurring. However, Washington

24

Hospital Center knowingly failed to prevent the conspiracies instituted against the Plaintiff.

153.   Carol Jedrzjek conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek.

154.   As the Defendant, Carol Jedrzjek had actual knowledge of the conspiracies instituted by Carol Jedrzjek, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Carol Jedrzjek had the power and the opportunity to prevent the conspiracies from occurring.  However, Carol Jedrzjek knowingly failed to prevent the conspiracies instituted against the Plaintiff.

155.   The conspiratorial acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek violated 42 U.S.C. § 1986.

156.   As a result of the malicious and unlawful conduct instituted by Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation, irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

**COUNT 50: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINIFF'S SECOND CASE**
**(AGAINST CROWELL & MORING, LLP)**


**COUNT 51: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST TRINA L. FAIRLEY)**

**COUNT 52: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST DANIEL M. CREEKMAN)**

**COUNT 53: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST NANCY J. CRAIG)**

**COUNT 54: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINFIFF'S SECOND CASE**
**(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 55: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 56: CONSPIRACY IN VIOLATION OF 42 USC § 1986**
**FOR THE PLAINTIFF'S SECOND CASE**
**(AGAINST CAROL JEDRZJEK)**

157. Plaintiff repeats and realleges paragraphs 1 through 156 as set forth herein.

158. Crowell & Moring, LLP conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document,  and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and  Carol Jedrzjek.

159. As the representative law firm,  Crowell & Moring, LLP  had actual knowledge of the conspiracies instituted by Crowell & Moring, LLP,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Crowell & Moring, LLP had the power and the opportunity to prevent the conspiracies from occurring. However, Crowell & Moring, LLP knowingly failed to prevent the conspiracies instituted against the Plaintiff.

160. Trina L. Fairley  conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing  the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and  Carol Jedrzjek.

161.  As the representative undersigned counsel,  Attorney Trina L. Fairley  had actual knowledge of the conspiracies instituted by Trina L. Fairley, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Attorney Trina L. Fairley had the power and the opportunity to prevent the conspiracies from occurring. However,  Attorney Trina L. Fairley knowingly failed to prevent the conspiracies instituted against the Plaintiff.

162.  Daniel M. Creekman conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and  Carol Jedrzjek.

163.  As the representative undersigned counsel, Attorney Daniel M. Creekman  had actual knowledge of the conspiracies instituted by Attorney Daniel M. Creekman,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Attorney Daniel M. Creekman had the power and the opportunity to prevent the conspiracies from occurring.  However, Attorney Daniel M. Creekman knowingly failed to prevent the conspiracies instituted against the Plaintiff.

164.  Nancy J. Craig conspired with MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing  the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and  Carol Jedrzjek.

165.  As the representative undersigned counsel,  Attorney Nancy J. Craig had actual knowledge of the conspiracies instituted by Attorney Nancy J. Craig,  MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzjek to deprive the Plaintiff of her rights and privileges as a citizen of the United States.  Attorney Nancy J. Craig had the power and the opportunity to prevent the conspiracies from occurring. However,  Attorney Nancy J. Craig knowingly failed to prevent the conspiracies instituted against the Plaintiff.

166.  MedStar Health Incorporation conspired with Crowell & Moring, LLP, Trina L.

27

Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

167.   As the Defendant, MedStar Health Incorporation had actual knowledge of the conspiracies instituted by MedStar Health Incorporation, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. MedStar Health Incorporation had the power and the opportunity to prevent the conspiracies from occurring. However, MedStar Health Incorporation knowingly failed to prevent the conspiracies instituted against the Plaintiff.

168.   Washington Hospital Center conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

169.   As the Defendant, Washington Hospital Center had actual knowledge of the conspiracies instituted by Washington Hospital Center, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Washington Hospital Center had the power and the opportunity to prevent the conspiracies from occurring. However, Washington Hospital Center knowingly failed to prevent the conspiracies instituted against the Plaintiff.

170.   Carol Jedrzjek conspired with Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, and Nancy J. Craig to undertake in the unlawful conduct included but not limited to filing the Plaintiff's Veterans Affairs mental health record as a public court document, filing the Plaintiff's occupational health medical record as a public court document, and filing the Plaintiff's personnel record as a public court document in the Superior Court for the District of Columbia for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

171. As the Defendant, Carol Jedrzjek had actual knowledge of the conspiracies instituted by Carol Jedrzjek, Crowell & Moring, LLP, Attorney Trina L. Fairley, Attorney Daniel M. Creekman, and Attorney Nancy J. Craig to deprive the Plaintiff of her rights and privileges as a citizen of the United States. Carol Jedrzjek had the power and the opportunity to prevent the conspiracies from occurring. However, Carol Jedrzjek knowingly failed to prevent the conspiracies instituted against the Plaintiff.

172. The conspiratorial acts of Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek violated 42 U.S.C. § 1986.

173. As a result of the malicious and unlawful conduct instituted by Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek; the Plaintiff suffered and continues to suffer shock, disappointment, devastation, irritability, crying spells, fatigue, lack of energy, emotional distress, stomach pains, sleepiness, resentment, social withdrawal, sadness, helplessness, chest pains, severe tension headaches, vomiting, weight loss, shame, aggravation, heart palpitations, alopecia, bad dreams, loss of companionship, excessive worry, economic losses, and profound exacerbation of pre-existing disability.

**COUNT 57: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S FIRST CASE (AGAINST CROWELL & MORING, LLP)**

**COUNT 58: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 AS FOR THE PLAINTIFF'S FIRST CASE (AGAINST TRINA L. FAIRLEY)**

**COUNT 59: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S FIRST CASE (AGAINST DANIEL M. CREEKMAN)**

**COUNT 60: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S FIRST CASE ( AGAINST NANCY J. CRAIG)**

**COUNT 61: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S FIRST CASE (AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 62: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S FIRST CASE (AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 63: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE  PLAINTIFF'S FIRST CASE
(AGAINST CAROL JEDRZJEK)**

**COUNT 64: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 AS FOR THE PLAINTIFF'S SECOND CASE
(AGAINST TRINA L. FAIRLEY)**

**COUNT 65: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S SECOND  CASE
(AGAINST DANIEL M. CREEKMAN)**

**COUNT 66: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S SECOND CASE
( AGAINST NANCY J. CRAIG)**

**COUNT 67: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S  SECOND CASE
(AGAINST MEDSTAR HEALTH INCORPORATION)**

**COUNT 68: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S SECOND  CASE
(AGAINST WASHINGTON HOSPITAL CENTER)**

**COUNT 69: VIOLATION OF THE DISTRICT OF COLUMBIA MENTAL HEALTH
INFORMATION ACT OF 1978 FOR THE PLAINTIFF'S SECOND CASE
(AGAINST CAROL JEDRZJEK)**

174.   Plaintiff  repeats and realleges paragraphs 1 through 173 as set forth herein.

175.   In accommodating the Plaintiff's  reasonable accommodation request under the
Americans with Disabilities Act, Defendant MedStar Health Incorporation and Washington
Hospital Center became aware of the Plaintiff's mental health information.

176.   MedStar Health Incorporation and Washington Hospital Center disclosed the Plaintiff's
mental health information to Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman,
Nancy J. Craig, Carol Jedrzejek and James F. Caldas.

177.   MedStar Health Incorporation and Washington Hospital Center redisclosed the
Plaintiff's mental health information to a worldwide audience when MedStar Health
Incorporation and Washington Hospital Center filed the Plaintiff's mental health medical record
as a public court document in the Superior Court for Plaintiff's case filed against MedStar Health
Incorporation, Washington Hospital Center, and Carol Jedrzjek.

178.   Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig,
MedStar Health Incorporation, and Carol Jedrzejek redisclosed the Plaintiff's mental health
information to a worldwide audience when Crowell & Moring, LLP, Trina L. Fairley, Daniel M.
Creekman, Nancy J. Craig, and Carol Jedrzejek  filed the Plaintiff's mental health medical record

as a public court document in the Superior Court for Plaintiff's case filed against MedStar Health Incorporation, Washington Hospital Center, James Caldas, and Carol Jedrzjek.

179. Crowell & Moring, LLP's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

180. Attorney Trina L. Fairley's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

181. Attorney Daniel M. Creekman's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

182. Attorney Nancy J. Craig's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

183. Medstar Health Incorporation's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

184. Washington Hospital Center's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

185. Carol Jedrzjek's disclosure of the Plaintiff's mental health record was made without the Plaintiff's authorization and consent.

186. Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek violated the Plaintiff's rights established under the District of Columbia Mental Health Information Act of 1978.

187. As detailed above, the Plaintiff is significantly damaged by the unauthorized and unlawful disclosure of the Plaintiff's mental health record.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests for this Honorable Court:

(a)     To order the Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek to appear and answer this action within the specified time frame;

(b)     To enter a permanent injunction directing Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek to immediately ceased the discriminatory and illegal conduct described herein;

(c)     To enter judgment in favor of the Plaintiff and against the Defendants, individually, jointly and severally in an amount in excess of $50,000,000.00 ($50 Million dollars);

(d)     To award the Plaintiff compensatory damages for past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses;

(e)     To award the Plaintiff compensatory damages and  punitive damages against Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center, and Carol Jedrzejek under the provisions of 42 U.S.C. § 1981 and under the provision of the District of Columbia Human Rights Act;

(f)     To award the Plaintiff compensatory and punitive damages against Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center and Carol Jedrzejek  under the common law tort claims invasion of privacy, intentional infliction of emotional distress, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, fraud inducement and fraud;

(g)     To award the Plaintiff damages against Defendants Crowell & Moring, LLP, Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, Washington Hospital Center and Carol Jedrzejek  under the District of Columbia Mental Health Information Act of 1978;

(h)     To indefinitely bar and  indefinitely prohibit Defendants Crowell & Moring, LLP, its agents, employees, and successors,  Trina L. Fairley, Daniel M. Creekman, Nancy J. Craig, MedStar Health Incorporation, its agents, employees, and successors, Washington Hospital Center, it agents, employees, and successors, and Carol Jedrzjek access to the Plaintiff's medical records;

(i)     To award the Plaintiff pre judgment interest;

(j)     To award the Plaintiff post judgment interest;

(k)     To award the Plaintiff all cost, expenses  and reasonable attorney  fees;

(l)     To initiate criminal proceedings and recommend the maximum number of imprisoned days against Crowell & Moring, LLP pursuant to D.C. Code § 7-1207.02 for the violation of the District of Columbia Mental Health Information Act of 1978 as the Plaintiff's first case and second case;

(m)     To initiate criminal proceedings and recommend the maximum number of imprisoned days against Trina L. Fairley pursuant to D.C. Code § 7-1207.02 for the violation of the District of Columbia Mental Health Information Act of 1978 as to Civil  as to the Plaintiff's first case and second case;

(n)     To initiate criminal proceedings  and recommend the maximum number of imprisoned days against Daniel M. Creekman pursuant to D.C. Code § 7-1207.02  for the violation of the District of Columbia Mental Health Information Act of 1978 as to the Plaintiff's first case and second case;

(o)     To initiate criminal proceedings and recommend the maximum number of imprisoned days against Nancy J. Craig pursuant to D.C. Code § 7-1207.02 for the violation of the District of Columbia Mental Health Information Act of 1978 as to the Plaintiff's first case and second case

(p)     To initiate criminal proceedings and recommend the maximum number of imprisoned days against MedStar Health Incorporation pursuant to D.C. Code § 7-1207.02  for the violation of the District of Columbia Mental Health Information Act of 1978 as to the Plaintiff's first case and second case;

(q)     To initiate criminal proceedings and recommend the maximum number of imprisoned days against Washington Hospital Center  pursuant to D.C. Code § 7-1207.02  for the violation of the District of Columbia Mental Health Information Act of 1978 as to the Plaintiff's first case and second case;

(r)     To initiate criminal proceedings and recommend the maximum number of imprisoned days  against Carol Jedrzjek pursuant to D.C. Code § 7-1207.02 for the violation of the District of Columbia Mental Health Information Act of 1978 as to the Plaintiff first case and second case

(s)     To grant such other or further relief, at this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully request a jury trial on all issues and claims set forth in this complaint.

Date: March 11, 2009                          Respectfully submitted,


Jane Doe, (proceeding pseudonym)

33